Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4447 | **DATE** | 1/31/2001 |
| **CASE TITLE** | U.S. Tsubaki, Inc. Vs. Industrial Research Team | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss for lack of personal jurisdiction is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | FEB 1 2001 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 16 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| WAH | courtroom deputy's initials | 01 JAN 31 PM 4:27 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
FEB 1 - 2001

U.S. TSUBAKI, INC.,
an Illinois corporation,

    Plaintiff,

v.

INDUSTRIAL RESEARCH TEAM,
a Canadian corporation,

    Defendant.

No. 00 C 4447

Judge John W. Darrah

FEB 1 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff, U.S. Tsubaki, Inc. (UST), commenced an action against defendant, Industrial Research Team (IRT), alleging causes of action under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2 (1998), and the Illinois Consumer Fraud Act, 810 ILCS 505/2 (1998), based on the defendant's publication of a report, in general and specifically within Illinois, comparing the performance of industrial roller chains. Before this Court is the defendant's Motion to Dismiss for Lack of Personal Jurisdiction.

UST is an Illinois corporation having its principal place of business in Wheeling, Illinois. UST manufactures and supplies power transmission and motion-control products, including roller chains. IRT is a Canadian corporation with its principal place of business in Montreal, QC, Canada. IRT is in the business of testing and comparing industrial products and publishing the results of the testing and comparison in a journal, *Industrial Reports*. In or about August 1999, IRT created and published a report relating to roller chains entitled, "Comparative Reports for the Factory Floor." The report compared and contrasted the roller chain products of six companies, including UST. The



other five companies included in the report were located in Dixon, Illinois; St. Louis, Missouri; West Chester, Ohio; Milwaukee, Wisconsin; and Indianapolis, Indiana. The report was available for purchase within the United States and was advertised in national and international publications, including publications circulated and published in Illinois. IRT sent four copies of the report to Illinois subscribers out of 2,275 copies that were sold or otherwise distributed.

For personal jurisdiction in federal court, the plaintiff bears the burden of establishing a prima facie case (*RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997)), and all disputed facts bearing on jurisdiction are construed in the light most favorable to the plaintiff (*LFG, LLC v. Zapata Corp.*, 78 F.Supp.2d 731, 734 (N.D.Ill. 1999) (*LFG*). Personal jurisdiction over a non-resident defendant can be achieved by general jurisdiction, which requires a showing that the defendant performed "substantial" or "continuous and systematic" activities in the forum state, or through specific jurisdiction, which requires a showing of "minimum" contacts with the forum state. *Helicopters Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-16 (1984). Plaintiff alleges jurisdiction under the specific jurisdiction theory.

Specific personal jurisdiction has two elements. The plaintiff must show that the defendant is amenable to service of process and that bringing the defendant into court is consistent with the Fifth Amendment's due process clause. *LFG*, 78 F.Supp.2d at 734.

A. Amenability to Service

Rule 4(k) of the Federal Rules of Civil procedure provide that service is sufficient to establish personal jurisdiction over the defendant if such service is provided for by a United States statute or when the defendant could be subjected to the jurisdiction of the court in the forum state through that state's long-arm statute. Fed. R. Civ. Proc. 4(k). The instant case involves the Lanham Act, which

does not provide for service of process; therefore, defendant's amenability to service is governed by Illinois' long-arm statute, 735 ILCS 5/2-209(a). *LFG*, 78 F.Supp.2d at 735.

The Illinois long-arm statute provides that a defendant is subject to the jurisdiction of its courts if the cause of action arises from several specified acts, including committing a tortious act within the state. 735 ILCS 5/2-209(a)(2). The statute also provides that an Illinois court may exercise jurisdiction on any basis permitted by the state or federal constitution. 735 ILCS 5/2-209(c). Therefore, the statute authorizes the exercise of personal jurisdiction by the Illinois courts to the fullest constitutional limit and the statutory analysis collapses into a due process inquiry and whether the defendant engaged in any of the acts enumerated in the long-arm statute need not be considered by the court. *Indianapolis Colts, Inc. v. Metropolitan Baltimore Football Club Partnership*, 34 F.3d 410, 411 (7th Cir. 1994) *(Colts); Euromarket Designs, Inc. v. Crate & Barrel Ltd.*, 96 F.Supp.2d 824, 834 (N.D.Ill. 2000) *(Euromarket); LaSalle National Bank v.* Vitro, 85 F.Supp.2d 857, 860 (N.D.Ill. 2000); *LFG*, 78 F.Supp.2d at 735.

B. Due Process

The due process requirement is met if: (1) the defendant has sufficient minimum contacts with the forum state; (2) the claims asserted arise or result from the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Euromarket*, 96 F.Supp.2d at 834.

1. <u>Minimum Contacts</u>

A defendant need not be physically present in the jurisdiction to have sufficient minimum contacts if the defendant does something by which he purposefully availed himself the privilege of conducting activities in the forum state. *Hanson v. Denckla*, 357 U.S. 235, 252-54 (1958). The critical inquiry is whether "the defendant's conduct and connection with the forum state are such that

he should reasonably anticipate being haled into court" in the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Plaintiff argues several of defendant's actions involving Illinois constitute sufficient minimum contacts to demonstrate that defendant should have reasonably anticipated being haled into court. These actions include seeking testing techniques from Illinois residents active in the roller-chain industry in 1998, purchasing roller-chains from two Illinois corporations for testing, testing roller-chains manufactured in Illinois, advertising in publications available in Illinois, and distributing copies of the report in Illinois. The plaintiff further argues that minimum contacts are established through the "effects doctrine".

Defendant argues that its contacts with Illinois "are not enough" to establish minimum contacts. However, the minimum contacts test does not focus on the quantity of contacts with the forum; rather, the main inquiry is foreseeability. *LFG*, 78 F.Supp.2d at 738 citing *Heritage House Restaurants, Inc. v. Continental Funding Group, Inc.*, 906 F.2d 276, 283 (7th Cir. 1990). Here, the defendant purposefully reached out to Illinois through its contact with two Illinois corporations; testing, rating, and publishing information about products manufactured in Illinois; advertising in Illinois; and distributing its publication in Illinois. Based on these deliberate connections with Illinois, the defendant had fair warning that it might be called before an Illinois court. See *Publications Int'l, Ltd. v. Burke/Triolo, Inc.*, 121 F.Supp.2d 1178, 1182-183 (N.D.Ill. 2000) (finding minimum contacts, in part, because the only reason for a defendant to send catalogs to Illinois residents was to generate Illinois sales); *LFG*, 78 F.Supp.2d at 738 (mailing list available on website accessible to Illinois residents and relations with Illinois corporation established minimum contacts); see also, *Ragold, Inc. v. Ferrero, Inc.*, 506 F.Supp. 117, 120 (N.D.Ill.1980) (finding personal

4

jurisdiction based on the defendant's advertising and solicitation of customers and retailers in Illinois).

Furthermore, personal jurisdiction exists through the effects doctrine as interpreted by the Seventh Circuit. The effects doctrine allows for a finding of personal jurisdiction if the defendant's intentional tortious actions were expressly aimed at the forum state and caused harm to the plaintiff in the forum state, of which the defendant knows is likely to be suffered. *Calder v. Jones*, 465 U.S. 783, 789-90 (1984). The effects doctrine has been interpreted as allowing personal jurisdiction if a tortfeasor commits a tort against an Illinois business so that the injury is felt in Illinois. See *Colts*, 34 F.3d at 411-12; *Euromarket*, 96 F.Supp.2d at 835-36; *Bunn-O-Matic Corp. v. Bunn Coffee Serv., Inc.*, 88 F.Supp.2d 914, 920 (N.D.Ill. 2000) (*Bunn-O-Matic*). The *Colts* court found personal jurisdiction existed in a trademark suit based on the defendant's telecast of football games in Indiana because, if the trademarks were impaired, the injury would be felt mainly in Indiana; and, by choosing a name that might be similar to the Indianapolis Colts, the defendants assumed the risk of injuring valuable property located in Indiana. *Colts*, 34 F.3d at 411. In an unfair competition and trademark infringement case, the Northern Illinois District Court found that personal jurisdiction existed because the Illinois corporation felt the impact of the defendant's tortious conduct at its principal offices in Illinois. *Bunn-O-Matic*, 88 F.Supp.2d at 920.

In the instant case, the alleged tort and alleged injury occurred in Illinois (See *Colts*, 34 F.3d at 412 ("the state in which the injury occurs is the state in which the tort occurs")) based on the defendant's publishing an alleged false and misleading report and distributing that report in general and specifically within Illinois.

## 2. Claims Asserted Arise or Result From the Defendant's Forum-Related Activities

A claim arises from a defendant's forum-related activities if the plaintiff would not have been injured "but for" the conduct of the defendant toward the plaintiff in the forum state. *Euromarket*, 96 F.Supp.2d at 839. This requirement is also met. But for the defendant's alleged actions and intentional conduct, plaintiff's injury would not have occurred.

## 3. Reasonableness of Jurisdiction

Seven factors are generally considered in determining the reasonableness of bringing a defendant from a foreign country into the United States to defend litigation: (a) the extent of the defendant's purposeful interjection; (b) the burden on the defendant in defending the litigation in the forum state; (c) the extent of conflict with the sovereignty of the defendant's state; (d) the forum state's interest in adjudicating the dispute; (e) the most efficient judicial resolution of the controversy; (f) the importance of the interest in convenient and effective relief; and (g) the existence of an alterative forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985). A court balances all seven factors; no one factor is dispositive. *Euromarket*, 96 F.Supp.2d at 840.

a) Defendant's Purposeful Interjection

The defendant allegedly has purposefully and deliberately tested a product manufactured in Illinois and published an allegedly false and misleading report concerning such product. In addition, the defendant advertised and distributed copies of the report within Illinois.

b) Defendant's Burden in Litigating

The defendant argues that the burden of litigating in Illinois would be "tremendous" because all of its equipment, work product, records, documents and witnesses are located in Canada. Considering today's era of Internet communications, telecommunications, faxes, and ease of air

travel, requiring the defendant to litigate in Illinois would not be constitutionally unreasonable. See *Euromarket*, 96 F.Supp.2d at 840. Equipment can be photographed, copies of documents can be made and transmitted easily, and witnesses (who are also in Illinois) can be deposed in their home state.

c) Conflict of Sovereignty

The conflict of sovereignty factor concerns the extent to which this Court's exercise of jurisdiction would conflict with the sovereignty of Canada. See *Euromarket*, 96 F.Supp.2d at 840. Defendant has not suggested that any conflict with the sovereignty of Canada exists or that a related suit is presently before a Canadian court that could affect either parties' rights.

d) Forums State's Interest

This factor weighs heavily in favor of exercising jurisdiction. Illinois has a strong interest in adjudicating disputes that involve allegations of unfair practices against an Illinois business. See *LFG*, 78 F.Supp.2d at 739.

e) Efficient Resolution

The efficient resolution focuses on the location of evidence and witnesses. However, this factor is not weighed heavily because of modern advances in transportation and communication. *Euromarket*, 96 F.Supp.2d at 840. In the instant case, evidence and witnesses would be located in both Illinois and Canada.

f) Convenient and Effective Relief for Plaintiff

This factor weighs in favor of the plaintiff as the plaintiff can only obtain relief under the Lanham Act, the Illinois Deceptive Trade Practices Act, and the Illinois Consumer Fraud Act in Illinois. In addition, this Court is familiar with both the federal law of the Lanham Act and Illinois

law associated with the plaintiff's state law claims.

g) Alternative Forum

As stated above, the Illinois forum is necessary to litigate the plaintiff's Lanham Act and Illinois state law claims.

Weighing the above seven factors, the Court finds that it is not unreasonable to exercise personal jurisdiction over the defendant. The plaintiff has made a prima facie case for personal jurisdiction over the defendant under the due process analysis and the amenability to service analysis, and personal jurisdiction is reasonable.

Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is denied.

Dated: January 31, 2001

JOHN W. DARRAH
United States District Judge